SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant,
ALPHA BETA COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Antonio Fernandez,

Plaintiff,

v.

Alpha Beta Company, a California Corporation; and Does 1-10,

Defendants.

Case No. 2:19-cv00654-DDP-AGR
Honorable Dean D. Pregerson

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

Action Filed: January 30, 2019
Trial Date: None Set

Defendant Alpha Beta Company ("Defendant"), in answer to Plaintiff Antonio Fernandez' (hereinafter "Plaintiff") Complaint, admits, denies and alleges as follows:

**PARTIES:**

1. Answering Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

2. Answering Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3. Answering Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4. Answering Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**JURISDICTION & VENUE:**

5. Answering Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. Answering Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. Answering Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

/ / /

/ / /

**FACTUAL ALLEGATIONS:**

8. Answering Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

9. Answering Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. Answering Paragraph 10 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

11. Answering Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12. Answering Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14. Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation.

15. Answering Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16. Answering Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation

17. Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation.

18. Answering Paragraph 18 of the Complaint, Defendant denies each and every allegation.

19. Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation.

20. Answering Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation..

21. Answering Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

22. Answering Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23. Answering Paragraph 23 of the Complaint, Defendant denies each and every allegation.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

24. Answering Paragraph 24 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 23 of this Answer as set forth above.

25. Answering Paragraph 25 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

26. Answering Paragraph 26 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

27. Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation.

28. Answering Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30. Answering Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31. Answering Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32. Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

33. Answering Paragraph 33 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 32 of this Answer as set forth above.

34. Answering Paragraph 34 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

35. Answering Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36. Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation.

/ / /

/ / /

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Standing)

2. Plaintiff lacks standing to pursue his alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. *Wilson v. Kayo Oil Company*, 535 F.Supp.2d 1063, 1070 (S.D. Cal. 2007) ("[A]n ADA plaintiff cannot manufacture standing to sue in federal court by simply claiming that he intends to return to the facility."). Here, Plaintiff lacks standing to pursue the alleged claims because, among other reasons, he is not bona fide patron, he alleges barriers not related to his disability, and/or he does not intend to return to the subject property and/or utilize Defendant's services or goods.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

3. Plaintiff's claims are barred to the extent that they are based on visits to the subject facility and/or utilization of Defendant's services or goods more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1; *see, e.g.*, *Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 2009 WL

2982840, *1 (N.D. Cal. 2009) (California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California).

**FOURTH AFFIRMATIVE DEFENSE**

(Effective Access)

4. The purported barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

**FIFTH AFFIRMATIVE DEFENSE**

(Removal of Architectural Barriers Was Not Readily Achievable)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

**SIXTH AFFIRMATIVE DEFENSE**

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the Maximum Extent Feasible)

6. Without conceding that Defendant made any "alterations" within the meaning of disability access laws, any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because any "alterations," including to the features alleged in the Complaint, were made to ensure that the facility would be readily accessible to the maximum extent feasible. 28 C.F.R. § 36.402.

**SEVENTH AFFIRMATIVE DEFENSE**

(Defendant Provided Services Via Alternative Methods)

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated or was ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged barriers (42 U.S.C. §12182), such as, by personally assisting Plaintiff overcome/deal with any of the barriers alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

8. Plaintiff's claims are barred under the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

(Technically Infeasible)

9. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

**TENTH AFFIRMATIVE DEFENSE**

(Undue Burden)

10. Insofar as Defendant has not made alterations to the facility at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

11. Plaintiff is estopped by his conduct from recovering any relief under the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

(Waiver)

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

13. Plaintiff failed to properly mitigate his alleged damages and therefore is precluded from recovering those alleged damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Indispensable Party)

14. Plaintiff's alleged claims are barred, in whole or in part, because of his failure to name an indispensable party or parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Fundamental Alteration)

15. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Legitimate Business Justifications)

16. The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(No Damages)

17. Defendant is informed and believes and based thereon allege that Plaintiff has not suffered any damage as a result of any actions taken by Defendant,

and Plaintiff is thereby barred from asserting any such claim against Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

18. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Mootness)

19. Plaintiff's claims are barred under the doctrine of mootness.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Lack of Notice)

20. Plaintiff's claims are barred because Plaintiff failed to provide any notice to Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Equivalent Facilitation)

21. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Defenses Under Federal Rules of Civil Procedure)

22. Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred cannot be determined until after Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Reasonable Modifications to Policies, Practices and Procedures)

23. Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disabilities, but Plaintiff never sought nor requested any such modifications.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Full Compliance is Structurally Impracticable)

24. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

**PRAYER**

**WHEREFORE**, Defendant pray that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated: March 8, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Gregory F. Hurley
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
Attorneys for Defendant,
ALPHA BETA COMPANY

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated: March 8, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Gregory F. Hurley
GREGORY F. HURLEY
MICHAEL J. CHILLEEN
Attorneys for Defendant,
ALPHA BETA COMPANY