CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
mchilleen@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorney for Defendant

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Antonio Fernandez**,<br><br>        Plaintiff,<br><br>    v.<br><br>**Alpha Beta Company**, a California Corporation; and Does 1-10,<br><br>        Defendants. | **Case No.**  2:19-cv-00654-DMG-AGR<br><br>**Joint Rule 26(f) Report**<br><br> Date:    April 26, 2019<br> Time:   9:30 a.m.<br><br>Honorable Judge Dolly M. Gee |

PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and the Order Scheduling Meeting of Counsel filed March 12, 2019, the parties hereby submit the following Joint Rule 26(f) Report.

1

## I.     Short Synopsis of the Principal Issues

<u>Plaintiff</u>: Antonio Fernandez is paralyzed from the waist down and uses a wheelchair for mobility. Defendant Alpha Beta Company owns Food 4 Less ("Store") located at or about 8620 Whittier Blvd., Pico Rivera, California.

The highest operable parts on the bag dispenser were greater than 48 inches above the finish floor and inaccessible to wheelchair users. In fact, bags in the fresh meat department were about 86 inches above the finish floor. Even though the plaintiff did not personally confront the barrier, bags in the self-service bread area are also about 86 inches high. The plumbing underneath the sink is not wrapped to protect against burning contact.

The Defendant's failure to ensure that the bag dispenser met the height requirement and the failure to wrap the plumbing at the Store is discriminatory against the Plaintiff. Defendant violates Plaintiffs' rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, he seeks injunctive relief and the statutory minimum damage award.

<u>Defendant</u>: Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any relief whatsoever.

## II.     Likelihood of Amended Pleadings

<u>Plaintiff</u>: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034and *Chapman v. Pier 1 Imports (US) Inc*., 631 F.3d 939 (9th Cir. 2011).

__Defendant__: At this time, Defendant does not anticipate any amendments to the pleadings.

### III.    Statement as to Issues which may be determined by Motion

__Plaintiff__: The Plaintiff believes that all liability issues can be determined by motion.

__Defendant__:  Defendant believes that all of Plaintiff's claims can be disposed of by way of motion.

### IV.    Discovery Plan per Rule 26(f)(3)

   a) __Initial Disclosures__

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The parties consent to exchange initial disclosures by April 29, 2019.

   b) __Subjects for Discovery__

__Plaintiff__ intends to seek discovery related to: (1) the ownership and operation of the business; (2) failure to ensure that the bag dispenser met the height requirement and the failure to wrap the plumbing at the Store; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

__Defendant__: will propound discovery regarding Plaintiff's litigation history, his standing, the purported barriers he

3

encountered, his claims for injunctive relief, and his claims for statutory damages.

The parties do not propose to conduct discovery in phases. The parties propose a discovery cut-off date of February 18, 2020.

c) <u>Electronic Discovery Issues</u>

<u>Plaintiff</u> hereby requests that, as part of initial disclosures, Defendant produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

<u>Defendant</u>: does not expect there to be any e-discovery issues. Defendant will respond to Plaintiff's discovery requests when they are propounded per the rules.

d) <u>Privilege or Protection Issues</u>

None.

e) <u>Limitations on Discovery</u>

<u>Plaintiff</u>: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

<u>Defendant</u>:  There is no need for any changes to the limitations on discovery.  Plaintiff should file a motion and show "good cause" if he truly believes he needs to propound more discovery requests than is permitted under the rules.

4

f) Other Orders

The Parties do not seek another discovery order at this time.

g) Discovery Cut-Off Dates

The parties propose a final discovery completion date for non-expert discovery of January 14, 2019. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by January 21, 2020, and expert witness depositions be completed by February 18, 2020.

**V.     Motions Schedule**

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

Defendant:  intends to file a motion for summary judgment and/or adjudication with respect to all of Plaintiff's claims.

**VI.     Settlement**

The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

**VII.     Trial Estimate and Trial Dates**

The Parties estimate a 2-3 days trial and propose May 19, 2020 for pre-trial conference and June 16, 2020 for trial.

**VIII.  Additional Parties**

    The parties do not anticipate the need to add additional parties.

**IX.    Trial**

    <u>Plaintiff</u>: has requested a bench trial.

    <u>Defendant</u>: has requested a jury trial.

**X.    Other Issues Affecting Status or Management of Case**

    The parties do not know of any other issues regarding the status or management of the case.

**XI.    Severance or Bifurcation**

    The parties have no proposals concerning severance, bifurcation or other ordering proof.

Dated: April 12, 2019                    CENTER FOR DISABILITY ACCESS


By: */s/Dennis Price*
Dennis Price
Attorney for Plaintiff


Dated: April 12, 2019                    SHEPPARD, MULLIN, RICHTER &
                                         HAMPTON LLP


By: */s/ Michael J. Chilleen*
Michael J. Chilleen
Attorney for Defendant

7

1

**SIGNATURE ATTESTATION**

2

3    Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories

4    listed, and on whose behalf the filing is submitted, concur in this document's

5    content and have authorized the filing of this document with the use of their

6    electronic signature.

7

8

9

10   Dated: April 12, 2019                    CENTER FOR DISABILITY ACCESS

11

12

13                                            By:  */s/Dennis Price*
                                              Dennis Price

14                                            Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# EXHIBIT A
## SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET

| Matter | | Joint Requested Date Or Plntf/Deft Requested Date | Time |
|---|---|---|---|
| TRIAL [ ] Court [ ] Jury<br>Duration Estimate: 2-3 days | | 6/16/2020<br>(Tuesday)<br>(Court) | 8:30 am |
| FINAL PRETRIAL CONFERENCE ("FPTC")<br>4 weeks before trial | | 5/19/2020<br>(Tuesday) | 2:00 pm |

| Matter | Time Computation | Joint Requested Date Or Plntf/Deft Requested Date |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut–Off (includes hearing of motions to amend) | 90 days after scheduling conf | 7/25/2019 |
| Non–Expert Discovery Cut–Off (includes hearing of discovery motions) | at least 18 wks before FPTC | 1/14/2020 |
| Motion Cut–Off (filing deadline) | at least 13 wks before FPTC | 2/18/2020 |
| Initial Expert Disclosure & Report Deadline | at least 17 wks before FPTC | 1/21/2020 |
| Rebuttal Expert Disclosure & Report Deadline | at least 15 wks before FPTC | 2/4/2020 |
| Expert Discovery Cut–Off (includes hearing of discovery motions) | at least 13 wks before FPTC | 2/18/2020 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | 4/21/2020 |

| | | |
|---|---|---|
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | 4/28/2020 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | 5/5/2020 |
| Other Dates: (e.g., class cert motion cut−off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | 5/13/2019 |

Joint Report of Counsel                                    2:19-cv-00654-DMG-AGR

SMRH:490067036.1